IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| ROY MUNOZ, | § | |
| | § | |
| Plaintiff, | § | Case No.: 1:17-cv-00881-WJ-SCY |
| | § | |
| vs. | § | |
| | § | |
| FCA US LLC (FIAT CHRYSLER | § | |
| AUTOMOBILES US LLC, f/d/b/a | § | |
| CHRYSLER/DODGE) and JOHN DOE | § | |
| CORPORATIONS, | § | |
| | § | JURY |
| Defendants. | § | |

**FCA US LLC'S MOTION TO STRIKE PLAINTIFF'S
EXPERT DISCLOSURES AND EXPERT REPORT**

Defendant FCA US LLC ("FCA US"), by and through undersigned counsel, hereby files this Motion to Strike Plaintiff's Incomplete Expert Disclosures and Expert Report, including specifically the expert report of Jahan Rasty, Ph.D. (and potentially related supplemental materials), and the expert disclosures of Plaintiff's treating physicians (and potentially related supplemental materials). Pursuant to D.N.M. LR-Civ. 7.1, FCA US sought Plaintiff's concurrence in this motion. The motion is opposed. In support of its motion, FCA US states as follows:

**I.      INTRODUCTION**

At the request of the parties, this Court entered an Order Modifying Scheduling Order Deadlines (Doc. 74) ("Order") that required Plaintiff to designate experts and produce expert reports 30 days after FCA US produced certain additional discovery materials. *See* Doc. 74 ¶ 1. FCA US served these materials on March 25, 2019, and filed notice of compliance with the

Court on March 26, 2019. *See* Doc. 76. Plaintiff therefore had until April 25, 2019 to designate experts and produce expert reports. Plaintiff served his expert disclosures (attached as **Exhibit A**) and produced an expert report (attached as **Exhibit B**) on April 25, 2019, although because Plaintiff's counsel refuses to use e-mail, FCA US did not receive the disclosures and attached expert report until April 29, 2019.

As discussed herein, the expert disclosures and expert report produced by Plaintiff do not satisfy the most basic requirements of Rule 26(a)(2). As of the filing of this motion, Plaintiff has not provided (1) an expert report that complies with the requirements of Rule 26(a)(2)(B), or (2) any expert disclosures that comply with the requirements of Rule 26(a)(2)(C). Plaintiff's incomplete expert disclosures and expert report must be struck because, as discussed herein, this incompleteness prejudices FCA US's ability to prepare its defense in accordance with the timeline set by the Court. *See* Doc. 74 ¶ 2 (ordering FCA US to produce its expert disclosures and expert reports "60 days after Plaintiff designates experts and produces reports").

**II.  ARGUMENT AND AUTHORITIES**

Federal Rule of Civil Procedure 26(a)(2)(a) requires a party to disclose the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705. When the witness is required to provide an expert report, Rule 26(a)(2)(B) requires the report include:

>  (i)  a complete statement of all opinions the witness will express and the basis and reasons for the opinions;
>  (ii) the facts or data considered by the witness in forming the opinions;
>  (iii) any exhibits that will be used to summarize or support them;
>  (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

2

> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case.

When the witness is not required to provide a written report, Rule 26(a)(2)(C) requires that the disclosure must state the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and a summary of the facts and opinions to which the expert is expected to testify. The rules governing the disclosure of expert testimony are designed to allow each party a chance to prepare their rebuttal, including the solicitation of additional expert testimony, with the knowledge of the testimony to be given by the opposing party's experts. *See Jacobsen v. Deseret Book Co*., 287 F.3d 936, 953-54 (10th Cir. 2002) (holding that "[expert] reports are intended not only to identify the expert witness, but also 'to set forth the substance of the direct examination' . . . [and] to allow the opposing party 'a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses'" (quoting Fed. R. Civ. P. 26(a)(2) advisory committee note (1993))).

Rule 26(a)(2) requires that the disclosure must be accompanied by a written report by each expert witness who is retained or specially employed to provide expert testimony in the case that includes "a complete statement of all opinions to be expressed and the basis and reasons for them" as well as the facts or data considered by the witness in forming them. The report must be "detailed and complete" and state "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Fed. R. Civ. P. 26 1993 advisory committee's notes. The expert's report must be produced by any court-ordered deadline. Fed. R. Civ. P. 26(a)(2)(D). These requirements are reiterated in the Court's Order Setting Case

Management Deadlines and Discovery Parameters (Doc. 31). *See* Doc. 31 at fn.2 ("Parties must disclose the names of all expert witnesses, including treating physicians, the subject matter on which the experts will present evidence, and a summary of the facts and opinions to which the experts are expected to testify by this date. Experts who are retained or specifically employed to provide expert testimony must also submit an expert report by this date.").

A party that fails to comply with the disclosure requirements set forth in Rule 26(a) may not present the proffered expert witness testimony and/or expert report, *see ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1176 (10th Cir. 2011) ("As a general rule, when a party fails to comply with Rule 26(a)'s disclosure requirements, that party 'is not allowed to introduce the expert witness's testimony at trial" (omission, internal quotation marks, and citation omitted); *see also Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1178 (D.N.M. 2007) (same), unless the failure to disclose was "substantially justified or harmless." *See* Fed. R. Civ. P. 37(c)(1); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 2002) (same). Harmlessness and justification are determined by reference to "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id*. (citations omitted).

In this context, "prejudice results [when] the expert reports d[o] not reveal what the experts will testify to at trial." *Jacobsen*, 287 F.3d at 954. "Good faith alone" in drafting an expert report is not sufficient to overcome prejudice. *Id*. It is also well-established that supplementation is not a proper cure for deficient expert disclosures or expert reports. As this Court noted in *Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003),

allowing the supplementation of deficient expert reports at any time "would create a system where preliminary reports could be followed by supplementary reports and they would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given." *See also id.* (stating that "an expert report [must] contain a complete statement of all opinions to be expressed and the basis and reasons therefor to facilitate discovery"). Even if the prejudice caused by a deficient expert report could be cured by supplementation generally, a party that fails to meet scheduling order deadlines must also demonstrate "good cause" for its failure to do so. *See* Fed. R. Civ. P. 16(b)(4); *Husky Ventures, Inc. v. B55 Investments, Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (holding that "the Rule 16(b)(4) standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts" (alterations, internal quotation marks, and citation omitted)). This rule applies equally to the failure to meet expert disclosure requirements by court-ordered deadlines. *See Walker v. THI of N.M. at Hobbs Center*, 262 F.R.D. 599, 605 (D.N.M. 2009) (holding that the court "uses the [R]ule 16 'good cause' standard to determine whether an extension of time to identify an expert and serve the expert report . . . is warranted"). As such, in order to cure the prejudice caused by a deficient expert report by supplementation after a scheduling order has passed, a party must show (essentially) that it was unable to meet the deadline despite its best efforts.

### III. ANALYSIS

#### A. Dr. Rasty's Expert Report is Incomplete

Plaintiff's disclosure of his retained expert witness's report is deficient under Rule 26(a)(2) because it is incomplete under both the rule and the Court's Order Setting Case

Management Deadlines and Discovery Parameters, each of which require that a party provide an expert report that complies with the rules of civil procedure by a set date. *See* Rule 26(a)(2)(D); Doc. 31 at fn.2. Dr. Rasty's expert report does not provide any opinions with respect to the issues raised by Plaintiff in this litigation, including specifically (1) whether and how the subject vehicle and/or its component parts are defective, and (2) how those alleged defects are causally related to Plaintiff's alleged injuries. *See* Third Amended Complaint (Doc. 43) ¶¶ 9-12.[1] In the absence of opinions on these topics, Dr. Rasty's expert report is incomplete and substantively defective because it fails to put FCA US on notice of any pending testimony or opinion related to the alleged product defect.

The deficiency in Dr. Rasty's expert report is highlighted by the fact that his "analysis and opinions" are not final, but instead are subject to verification, revision, or expansion. *See* **Exhibit B** at 4.  This statement is problematic for a number of reasons.

As a threshold matter, the reasons given for the need for future revision, supplementation, etc.—access to Plaintiff's deposition and certain data—lack merit. *See id.* First, Plaintiff is inarguably available to his own expert witness. And, if Plaintiff's deposition was needed for purposes of drafting an expert report, Plaintiff's counsel should have noticed it. Second, the allegedly missing data was provided by FCA US in discovery on October 15, 2018.  *See* FCA

---

[1] Moreover, Plaintiff has not provided FCA US with discoverable documents provided to or produced by Dr. Rasty during the process of drafting his expert report that would help it to understand how Dr. Rasty arrived at the "opinions" contained therein. *See* FCA US's Second Motion to Compel Plaintiff's Responses to Requests for Production and Answers to Interrogatories, and Request for Sanctions (filed herewith). Although not directly related to the completeness of Dr. Rasty's expert report, Plaintiff's ongoing refusal to produce discoverable documents further prejudices FCA US's ability to develop its defense.

US's Response to Interrogatory No. 9 (attached as **Exhibit C**). If Dr. Rasty did not utilize the produced data while conducting his analysis, that was his decision.

More importantly though, the idea that an expert report can simply be supplemented during the pre-trial process is contrary to case law and a number of this Court's orders on this topic. *See Beller*, 221 F.R.D. at 695; *Walker*, 262 F.R.D. at 605; *see, e.g.*, Doc. 31 at fn.2.  As discussed above, the purpose of an expert report is to place the opposing party on notice of the expert's opinions and factual support therefor. Dr. Rasty's expert report does not assist FCA US in this regard.  Because it fails to do so, it is incomplete.  FCA US simply cannot be expected to formulate a defense strategy or even identify its own expert witnesses if Plaintiff's expert does not present all relevant opinions in his expert report.

Federal courts in product liability cases have excluded or struck incomplete expert reports for just this reason. For example, in *Davis v. Kawasaki Motors Corp. U.S.A.*, 2013 WL 5407207, at *1 (S.D. Ga. Sep. 25, 2013), the plaintiff was injured in a motorcycle accident. He filed a lawsuit against the manufacturer alleging that the voltage regulator was defective, which caused the motorcycle to lose power and stall. *Id.* The plaintiff retained an expert, who had until a certain date to submit an expert report pursuant to the court's scheduling order. *Id.* The expert timely filed his report, but the report "failed to identify and defect in the voltage regulator." Rather, the report stated that the expert's "work . . . was on-going" and reserved the right to supplement or change his opinion if new information was presented. *Id.* Kawasaki filed a motion to strike the expert report based on its preliminary nature and failure to find any defect in the voltage regulator. *Id.* In conducting its analysis, the court noted that "expert testimony may be excluded . . . in order to provide[] incentive for parties to complete disclosure in accordance with

Rule 26," and that while the rule does allow for supplementation under certain circumstances, it "does not operate to justify the expert's earlier inadequate or incomplete preparation." *Id.* at *3 (quoting *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002). After weighing the relevant considerations, the court ruled that it was striking the report as incomplete. *Id.* at *4.

*Davis* is closely analogous to this case in that it relates to an alleged default in a motor vehicle. As *Davis* shows, an expert report that does not speak to the alleged defect is incomplete. Also as in *Davis*, there are no circumstances present here justifying any request to supplement the expert report. Plaintiff had ample time to retain an expert and produce an expert report. Plaintiff cannot demonstrate that his failure to disclose a complete expert report is harmless or substantially justified under the circumstances of this case. Plaintiff is also unable to demonstrate "good cause" as contemplated by Rule 16 for his failure to timely submit a complete expert witness report. Because Plaintiff cannot meet either standard, FCA US is entitled to its requested relief, which is the striking of the incomplete expert report from this litigation. Additionally, in Plaintiff's first supplemental response to FCA US's Request for Production No. 14, which he served on May 8, 2019, Plaintiff produced a single page of a multi-page document that appears to be part of Dr. Rasty's analysis. *See* Matthew Mills email (attached as **Exhibit D**). Because the document is incomplete, it is not clear whether it is part of Dr. Rasty's expert report or not. To the extent that it is part of Dr. Rasty's expert report, it should be struck as untimely (having been served nearly two weeks after the April 25, 2019 expert disclosure deadline), and for the reasons outlined above.

### B. Plaintiff's Treating Physician Disclosures Are Incomplete

Plaintiff's expert disclosures also include statements about the potential testimony of Plaintiff's treating physicians. None of these statements meet the requirements for a non-retained expert witness, including that the disclosure provide "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the expert is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii). With respect to Doctor Lanzi, the disclosure states that he will testify "regarding the nature and extent of Plaintiff's injuries . . . ." **Exhibit A** at 1. The disclosure does not state what the nature and extent of the injuries are or provide a summary of the facts and opinions to which he is expected to testify. It is therefore facially defective, because it does not provide FCA US with sufficient information to prepare for examination at trial or to obtain a rebuttal expert. *See Jacobsen*, 287 F.3d at 953-54. The same is true for Doctors Tart and Cruz, whose disclosure states only that they will testify "regarding the profound neurological defects Plaintiff's [sic] suffered and his need for continuing . . . care . . . ." **Exhibit A** at 1-2. These disclosures do not state what the neurological defects are or specify anything about future care. They are therefore facially defective, because they do not provide FCA US with sufficient information to prepare for examination at trial or to obtain a rebuttal expert. *See Jacobsen*, 287 F.3d at 953-54. Because they fail in their essential purpose, these disclosures should be struck.

Additionally, in his first supplemental response to FCA US's Request for Production No. 18, which he served on May 8, 2019, Plaintiff produced a narrative statement by Dr. Tart and her curriculum vitae. *See* Tart Documents (attached as **Exhibit E**). To the extent that these documents are intended to constitute an expert report (given the inclusion of a Dr. Tart's CV),

9

they are untimely and lack information required by Rule 26(a)(2)(B). To the extent that these documents are intended to be a supplement to Plaintiff's expert disclosures, they are untimely. If these documents are merely being provided in response to discovery, they are accepted for that purpose. If, however, Plaintiff considers these documents to be part of his expert disclosures, or to constitute an expert report, FCA US moves that they be struck as untimely and incomplete for the reasons outlined above.

**IV.    PRAYER**

Plaintiff's incomplete (in in some cases untimely) expert disclosures and expert report violate the rules of civil procedure and this Court's scheduling order, and have caused prejudice to FCA US's ability to formulate a defense in this case. For these reasons, FCA US requests that this Court grant this Motion to Strike Plaintiff's Expert Disclosures and Expert Report, including all documents provided as part of Plaintiff's supplemental answers to FCA US's First Set of Request for Production Nos. 14 and 18, and for such further relief to which it may be entitled, whether in law or in equity.

Respectfully submitted,

**GERMER BEAMAN & BROWN PLLC**

By:  _____*/s/ Roy A. Spezia*_____
Roy A. Spezia, *Pro Hac Vice*
301 Congress Avenue, Suite 1700
Austin, Texas  78701
Telephone: (512) 472-0288
Fax: (512) 472-0721
rspezia@germer-austin.com

and

Matthew A. Zidovsky
Randy S. Bartell
MONTGOMERY & ANDREWS, P.A.
325 Paseo de Peralta
Santa Fe, New Mexico 87501
Phone: (505) 982-3873
Fax: (505) 982-4289
mzidovsky@montand.com
rbartell@montand.com

**COUNSEL FOR DEFENDANT
FCA US LLC**

## CERTIFICATE OF SERVICE

     I certify that on this 30th day of May, 2019, I filed the foregoing document with the Clerk of Court using CM/ECF system, which will send notification of such filing by email (pennname@prodigy.net), as well as certified U.S. Mail, return receipt requested (7015 1730 0000 9813 4238), to the following counsel of record:

James P. Lyle
Law Office of James P. Lyle, P.C.
1116 Second Street, N.W.
Albuquerque, NM 87102
Telephone: (505) 843-8000
pennname@prodigy.net
**ATTORNEY FOR PLAINTIFF**

                                     */s/ Roy A. Spezia*
                                     Roy A. Spezia