# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ROY MUNOZ,

    Plaintiff,

vs.                                                          No. 1:17-cv-00881-WJ-SCY

FCA US LLC, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE

THIS MATTER is before the Court upon Plaintiff's Motion to Amend Complaint, filed May 13, 2019 **(Doc. 97),** and Defendants' Motion to Strike Plaintiff's Expert Disclosures and Expert Report, filed May 30, 2019 **(Doc. 117)**. Having reviewed the parties' pleadings and applicable law, the Court finds that Plaintiff's motion to amend is not well-taken and, therefore, is **DENIED.** As for Defendants' Motion to Strike, the Court finds that it is generally not well taken and, therefore, is **GRANTED IN PART IN AND DENIED IN PART.**

### BACKGROUND

This is a products liability case arising from the apparent failure of an airbag to deploy during a car accident. This case was filed on August 25, 2017. Plaintiff seeks permission to file a fourth amended complaint. *See* **Docs. 1, 9, 10, 43, 97.**

In his original complaint, Plaintiff alleged that on November 1, 2016, he was driving a 2012 Dodge Ram. He was driving at the posted speed limit and hit two elk head on. He alleges

the airbag did not deploy despite heavy damage to the front of his vehicle caused by the collision.

Plaintiff seeks to amend his complaint to allege that he was in fact traveling in excess of the posted speed limit at 75 or 80 mph when he struck a large bull elk and female elk. The bull elk was struck head on, while the female elk was struck with a glancing blow. He did not have time to apply his brakes or slow the vehicle before the collision. Plaintiff estimates the bull elk weighed at least 800 pounds. Therefore, Plaintiff appears to change his allegation as to his speed and add more details as to two elk he hit.

## DISCUSSION

### I. <u>Motion to Amend Complaint (Doc. 97).</u>

Plaintiff seeks leave to file a fourth amended complaint. The Court should freely give leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). That said, "[a] district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (citations omitted). Determining whether to grant leave to amend a pleading is an exercise in the Court's discretion. *State Distributor's, Inc. v. Glenmore Distilleries, Co.*, 738 F. 2d 405, 416 (10th Cir. 1984); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

Untimeliness of a plaintiff's motion can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay. *Panis v. Mission*

*Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir. 1995). No finding of a prejudice to the opposing party is required. *Woolsey v. Marion Lab., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1205 (10th Cir. 2006) (need not show prejudice); *see also First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987) (undue delay may be sufficient ground to deny motion to amend, even without evidence of prejudice to defendants). The Tenth Circuit "focuses primarily on the reasons for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). "[D]enial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Id.* (internal quotation marks and citations omitted); *see also Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir.1994) ("[U]nexplained delay alone justifies the district court's discretionary decision.").

Here, Plaintiff argued that he remembered these facts late because he is recovering from a brain injury caused by the crash. Defendants in their response presented evidence that Plaintiff reported to his doctor on February 27, 2017 that he was driving at 70 miles per hour and hit a male elk and a female elk. **Doc. 101-1.** Plaintiff reported this to his doctor before the original complaint was filed on August 25, 2017. Therefore, Plaintiff knew about these facts before the case was filed, and yet the apparent wrong allegations made it into the first complaint. Plaintiff did not file a reply or give an explanation for failing to include these allegations in his complaint, when he already knew about them. Moreover, it is unclear why this proposed amendment is late, or when Plaintiff discovered the doctor's report in discovery. The Court concludes that the failure to plausibly explain the undue delay justifies denying the motion to amend. *See, e.g.,*

*McKnight v. Kimberly Clark Corp.,* 149 F.3d 1125, 1130 (10th Cir.1998) (Denying motion to amend where "plaintiff was aware of all the information on which his proposed amended complaint was based prior to filing the original complaint."); *see also Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) ("Untimeliness alone may be sufficient basis for denial of leave to amend," particularly "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.") (internal quotation marks and citations omitted).

II.     **Defendants' Motion to Strike Plaintiff's Expert Report and Disclosures (Doc. 117)**.

   A.     **Dr. Jahan Rasty's Expert Report.**

Defendant argues that Plaintiff's expert report from Dr. Jahan Rasty should be stricken, because it is incomplete. Rule 26(a)(2) provides that expert reports must "contain a complete statement of all opinions to be expressed." Fed. R. Civ. P. 26(a)(2)(B). "If a party fails to provide information … as required by Rule 26(a)… the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *see ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1176 (10th Cir. 2011) ("As a general rule, when a party fails to comply with Rule 26(a)'s disclosure requirements, that party is not allowed to introduce the expert witness's testimony… at trial") (internal quotations omitted).

Defendants argue that the expert report should be stricken because it does not address "(1) whether and how the subject vehicle and/or its component parts are defective, and (2) how those alleged defects are causally related to Plaintiff's alleged injuries." **Doc. 117**.

In other words, Defendants do not argue that the expert report is deficient on the ground it covers, but that the expert report does not opine on matters that Defendants believe would need to be proven at trial. Defendants did not cite to any case explaining what would need to be proven at trial under New Mexico law. Plaintiff disagrees that those matters would have to be proven at trial.

The expert report must give "a complete statement of all opinions the witness will express and the basis and reason for the opinions." Fed. R. Civ. P. 26(a)(2)(B)(i). Plaintiff represents that the expert report is a complete statement of the opinions the witness will give. Therefore, striking the expert report is inappropriate.

Defendants do not point to any deficiencies with the opinions expressed or insufficient reasoning underlying the opinions. Rather, Defendants argued that Plaintiff's expert failed to opine on matters they think are necessary for Plaintiff to succeed on the merits. Whether Plaintiff has sufficient evidence or expert opinions to succeed on the merits is a matter for summary judgment or trial, not a motion to strike.

Defendants cite to *Davis v. Kawasaki Motors Corp. U.S.A.*, 2013 WL 5407207, at *1 (S.D. Ga. Sep. 25, 2013). That case is not on point. In *Davis*, the expert failed to come to *any* opinion in favor of the Plaintiff's case, labeled the report as "preliminary", and plaintiff sought to conduct additional expert testing so that he could produce a favorable expert opinion. *Id.* Here, Plaintiff represents that the report is complete and he has no intention of supplementing the report, unless additional discovery is provided by Defendants.

Defendants also argue that Plaintiff failed to produce facts and data underlying the expert report. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii). Defendants do not seek to strike the expert report on

5

this ground, but rather, seek attorney fees and costs as sanctions in a separate motion to compel. *See* **Doc. 116.**

Defendants take issue with the expert's statement that he reserves the right to supplement the report and disclaimer that the report is "based on review of available information to this date." **Doc. 117-2.** But this disclaimer merely references that his opinions may change if new discovery is provided, and Plaintiff has confirmed that this report is the expert's complete opinion based on discovery currently available.

To the extent Defendants argue that Plaintiff should be *per se* prohibited from supplementing his expert report, the Court disagrees. Plaintiff asserts he may need to supplement his report because Defendants are not producing discovery as requested. The Court notes that multiple motions to compel have been filed. The Court is not prepared to rule on this issue without specific reference to the proposed supplementation and discovery at issue.

### B. <u>Treating Physician Expert Disclosures</u>.

Defendants also argue that expert disclosures for Doctors Lanzi, Tart, and Cruz should be struck, because they are incomplete.

Initially, Plaintiff argues that treating physicians need not provide experts reports pursuant to Fed. R. Civ. P. 26(a)(2)(B). The Court agrees. D.N.M.LR-Civ. 26.3(b) ("Treating physicians need not prepare an expert report as required by Fed. R. Civ. P. 26(a)(2)(B)); *See also Duran v. Home Depot USA, Inc.*, No. CV 13-608 WJ/SCY, 2014 WL 12601509, at *2 (D.N.M. Aug. 13, 2014) (Yarbrough, J.) ("The rule clearly contemplates two types of experts and only requires written reports for experts who are retained or specially employed to provide testimony in the case."). Defendants argue that Dr. Tart's CV and narrative statement are insufficient to

constitute an expert report under Rule 26(a)(2)(B). However, Plaintiff's treating physicians need not meet the requirements of Rule 26(a)(2)(B).

However, treating physicians must still disclose "(1) the subject matter on which the witness is expected to present evidence under FRE 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C); *Duran*, 2014 WL 12601509, at *2. Plaintiff does not appear to address this argument or assert that his summary is sufficient. Plaintiff did not point to any other *specific* documents that have been disclosed that would otherwise satisfy Rule 26(a)(2)(C).

Here, it is unclear what facts Plaintiff's treating physicians will testify to or what opinions they will state. The summary of two of the experts is identical. Therefore, the Court concludes that the treating physicians' expert disclosures do not comply with Fed. R. Civ. P. 26(a)(2)(C). *See, e.g., Chambers v. Fike*, 2014 WL 3565481, at *7 (D. Kan. July 18, 2014) (setting forth standard on sufficient disclosure under Rule 26(a)(2)(C)).

### C. **Failure to Adequately Disclose Treating Physicians' Facts and Opinions is Harmless.**

The Court concludes that Plaintiff's failure to adequately disclose the treating physicians' facts and opinions is harmless. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). "[A] district court can allow evidence violating Rule 26(a) only if the violation was justified or harmless." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness" of a Rule 26(a)

violation. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999), *quoted in Jacobsen,* 287 F.3d at 953. However, the Court should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*

As to the first two factors, the Court finds that Defendants are not surprised by the proposed expert testimony and Plaintiff can cure any prejudice by filing amended expert disclosures. Plaintiff's Rule 26(a) violation was minor. Plaintiff timely disclosed the treating physicians. Moreover, Defendants have not argued that they do not have Plaintiff's medical records. For example, Defendants were provided with a narrative statement from Dr. Tart. **Doc. 117, Ex. E.** Defendants have conducted extensive discovery including 41 depositions on Plaintiff's medical records. The discovery deadline has not passed and runs on September 27, 2019. Discovery deadlines have been previously modified because of discovery disputes. *See generally* **Doc. 74** (Plaintiff will designate experts and produce reports 30 days after the date Plaintiff's counsel receives the information and materials that the court has ordered Defendant to produce"). Under these circumstances, the Court finds that Defendants have not been prejudiced or surprised, and any prejudice can be cured by new expert disclosures.

As to the third factor, the experts' testimony will not disrupt trial. The expert disclosures were timely, and the discovery deadline has not passed. Trial has not been scheduled. Additionally, Defendants have requested supplementation of Plaintiff's expert disclosures in a separate motion to compel. **Doc. 116.** Given the continued discovery disputes in this case, this small bump will not substantially disrupt trial.

Fourth, the Court finds there was no bad faith or willfulness. Plaintiff timely provided the expert disclosures, which the Court found was insufficient to constitute a summary of treating physicians' facts or opinions. The Court finds no evidence of gamesmanship.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (**Doc. 97**) is hereby **DENIED** for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Expert Disclosures (**Doc. 117**) is **GRANTED IN PART AND DENIED IN PART** for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that Plaintiff shall amend his expert disclosures as described above; and

**IT IS FINALLY ORDERED** that the issue of the deadline to supplement the expert disclosures is **REFERED** to United States Magistrate Judge Steven Yarbrough, as any new supplemental disclosure deadline may impact the current discovery deadlines.

_____
CHIEF UNITED STATES DISTRICT JUDGE