IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROY MUNOZ,

        Plaintiff,

        vs.                                              Civ. No. 17-881 WJ/SCY

FCA US LLC, et al.,

        Defendants.

## ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO COMPEL

**THIS MATTER** comes before the Court on Defendant's Second Motion to Compel Plaintiff's Responses to Requests for Production and Answers to Interrogatories, and Request for Sanctions (Doc. 116), filed May 30, 2019. The Court held a Discovery Hearing on July 30, 2019 and issued an order granting in part the Motion to Compel. Doc. 136. The Court also took one issue under advisement, which this Order now addresses. That specific issue is whether, in connection with Defendant's Request for Production No. 58, Plaintiff must produce a pre-drafted letter that Plaintiff brought to one of his doctors, Richard A. Lanzi, to have Dr. Lanzi sign. Defendant is aware of this letter because Dr. Lanzi discussed it in Plaintiff's medical records and noted that Plaintiff wanted him "to attest that [Plaintiff's] injuries are worse because his airbag did not deploy and his seatbelt did not work to restrain him." Doc. 116-4 at 2. Plaintiff objects to production of the letter, arguing that the work product doctrine protects it from disclosure. Having reviewed the letter in camera, the Court grants Defendant's Motion to Compel on this issue and requires Plaintiff to disclose the letter to Defendant.

Plaintiff intends to offer testimony at trial from Dr. Lanzi as a treating physician. *See* Doc. 132 at 6. Defendant acknowledges that Plaintiff is presenting Dr. Lanzi as a treating

physician and argued at the July 30, 2019 hearing that Dr. Lanzi's status as a non-retained expert makes anything Plaintiff provides him subject to disclosure. At the hearing, the parties also made clear that they do not dispute that Dr. Lanzi, a third-party witness, is free to disclose the contents of the letter or the letter itself.[1] Thus, the narrow issue before the Court is whether *Plaintiff* must disclose a letter his counsel submitted to a treating physician when the treating physician thereafter refused to sign the letter and summarized its contents in medical records disclosed to Defendant.

Federal Rule of Civil Procedure 26(b)(3)(A) protects documents and tangible things that "are prepared in anticipation of litigation or for trial by or for another party or its representative," subject to a few exceptions. "If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). This substantially incorporates the work-product doctrine, first recognized in *Hickman v. Taylor*, 329 U.S. 495 (1947), which "shelters the mental processes of the attorney, providing a privileged area which he can analyze and prepare his client's case." *In re Qwest Commc'n Int'l Inc.*, 450 F.3d 1179, 1186 (10th Cir. 2006) (citing *United States v. Nobles*, 422 U.S. 225, 238 (1975)).

In short, courts have long recognized that an attorney should not be required to provide opposing counsel his thoughts about a case. The harm that the work product doctrine is designed to protect against, however, will not result from the disclosure of the letter now at issue. The letter's contents have already been revealed to Defendant in Plaintiff's medical records from Dr. Lanzi. Indeed, Plaintiff's counsel represented at the discovery hearing that the information in the

---

[1] Defendant did not argue, and the parties did not brief the issue of whether Plaintiff waived work product protection by disclosing this letter to a third party, and so the Court does not consider waiver.

letter is generally the same as that disclosed in Dr. Lanzi's medical records. After conducting an in camera review, the Court confirms that Plaintiff's representation is correct.

Further, in his recent Memorandum Opinion and Order Denying Plaintiff's Motion to Amend Complaint and Granting in Part and Denying in Part Defendant's Motion to Strike, Chief Judge Johnson found that Plaintiff's expert disclosures regarding his treating physicians, including Dr. Lanzi, are incomplete under Federal Rule of Civil Procedure 26(a)(2)(C). Doc. 132 at 7. Chief Judge Johnson ordered Plaintiff to supplement his disclosures to meet the requirements of Rule 26(a)(2)(C). Doc. 132 at 7-9; *see also* Fed. R. Civ. P. 26(a)(2)(C) (requiring disclosure of witnesses not required to provide a written report to include the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify). It is clear after reviewing the letter that it is a summary of facts and opinions to which Plaintiff hoped (and may still hope) Dr. Lanzi would testify. Although Dr. Lanzi declined to sign the letter, the Court is unaware of what expectations Plaintiff might have regarding Dr. Lanzi's testimony at trial. If Plaintiff expects to elicit testimony from Dr. Lanzi similar to the information he attempted to elicit through the draft letter, the letter contains the type of information Chief Judge Johnson ordered Plaintiff to disclose.[2]

Even if Plaintiff does not intend to elicit the same information from Dr. Lanzi contained in the draft letter, however, disclosure of the letter does not reveal the mental processes of Plaintiff's counsel.[3] As noted, Dr. Lanzi has already summarized the letter in his medical records

---

[2] The Court has ordered Plaintiff to supplement his expert disclosures no later than August 14, 2019. Doc. 136. This Order does not consider whether Dr. Lanzi should be allowed to offer testimony consistent with the draft letter.

[3] The Court recognizes that the work product doctrine applies to experts a party might hire, but then decline to use. *See* Fed. R. Civ. P. 26(b)(4)(D). Here, Plaintiff has not hired Dr. Lanzi and intends to call him at trial to provide testimony as a treating physician.

and, if Dr. Lanzi retained a copy of the letter, the parties agree that Defendant can obtain a copy from Dr. Lanzi. Further, most of the letter does not relate to the mental process of Plaintiff's counsel, and the one sentence of the letter that arguably does reveals nothing because it restates a theory Plaintiff has already set forth in his complaint.

Except for an assumption already contained in Plaintiff's complaint (that Plaintiff hit an elk), the first paragraph of the letter is simply a summary of Plaintiff's injuries. Thus, the first paragraph does not reveal Plaintiff counsel's mental processes. Further, the injuries Plaintiff claims he sustained in the accident are subject to disclosure in any event and so not protected as work product.

The first line of the second paragraph essentially sets forth three assumptions: (1) the front airbag in Mr. Munoz's vehicle did not deploy, (2) the seatbelt did not restrain him, and (3) he hit his face, head, shoulder, and knee on the steering wheel and dash. Plaintiff's theory that the airbag did not deploy is something he sets forth in his complaint. Doc. 43 at ¶ 8. Similarly, Plaintiff has asserted in documents and open court that his seatbelt failed to restrain him. Doc. 40 at 2; Doc. 42 at 2. And, regarding the third assumption, the alleged causal connection between Plaintiff's injuries and Defendant's alleged wrongdoing is also subject to disclosure. Plaintiff's theory that he sustained injuries through contact with the steering wheel and dash follows from the assertion in his complaint that he sustained injuries as a result of his airbag not deploying. For this same reason, the penultimate sentence of the letter also only restates what is already known from the complaint: Plaintiff's theory that his injuries were the result of his face and body hitting the steering wheel and dashboard when his air bag did not deploy.

In the final sentence of the draft letter, Plaintiff proposes to have Dr. Lanzi attest that his injuries would not have happened, or would have been less severe, if his airbag or seatbelt had

operated properly. Again, this is essentially what Plaintiff has alleged all along: the injuries for which he seeks compensation are the result of his airbag and seatbelt malfunctioning. Moreover, disclosure of the draft letter reveals nothing because Dr. Lanzi has already disclosed the last sentence of this letter in the medical records already produced to Defendant. Doc. 116-4 at 2.

Thus, in this particular case, protecting the letter from disclosure would not advance the policy goals that justify existence of the work product privilege. *See in re Qwest Commc'n Int'l Inc.*, 450 F.3d at 1186. For these reasons, the Court grants in part Defendant's Motion to Compel (Doc. 116). Plaintiff shall supplement his response to Defendant's Request for Production No. 58 to include the letter by August 8, 2019. Because Defendant failed to engage in direct conversation with Plaintiff in advance of filing its motion to compel, as the Court has ordered the parties to do, the Court declines to shift costs incurred in connection with Defendant's motion.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**