# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**ROY MUNOZ,**

    **Plaintiff,**

    **vs.**                                                                              **Civ. No. 17-881 WJ/SCY**

**FCA US LLC,**

    **Defendant.**

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

**THIS MATTER** comes before the Court on Plaintiff's Motion to Compel Defendant to Fully and Completely Respond to Plaintiff's First Set of Interrogatories and Requests for Production, Doc. 141, filed September 26, 2019, and fully briefed November 25, 2019, Docs. 143, 145. Having considered the parties' arguments and all relevant authority, the Court denies Plaintiff's Motion to Compel.

Plaintiff brought this products liability lawsuit after he was involved in a motor vehicle accident. He alleges that on November 1, 2016, he was driving a forest service vehicle, a 2012 Dodge Ram 1500, when he hit two elk. Doc. 43 ¶¶ 5, 6 (Third Amended Complaint). He alleges that the airbag did not deploy and he was injured. Doc. 43 ¶ 7. On August 29, 2018, Plaintiff served discovery requests on Defendant FCA US LLC. Doc. 141 at 2. Although Defendant responded to the discovery requests on October 15, 2018 and November 13, 2018, Doc. 143 at 2, Plaintiff now takes issue with Defendant's responses to Interrogatory No. 7 and Request for Production No. 6. Those requests read as follows:

> **INTERROGATORY NO. 7:** Please list the date and source of any report of any airbag or seatbelt malfunction *reportedly occurring during a crash*, if not already list[ed] above, regarding Dodge Ram 1500 pickup, along with all Identifying

> Information of the persons who made each report and who received or evaluated each report.
>
> **REQUEST FOR PRODUCTION NO. 6:** Please provide a copy of all documents, information or tangible items containing any information regarding the reports referred to in your answer to Interrogatory No. 7 above.

Doc. 143 at 4 (emphasis added). In response, Defendant offered a number of objections along with this response:

> **RESPONSE TO INTERROGATORY NO. 7:** Nevertheless, FCA US will search its product liability records and will produce, in image (.pdf) format, under the protective order, a summarized list of claims received or lawsuits served prior to November 1, 2016, if any, in which it is alleged that a 2012 Ram 1500 (DS) Quad Cab pickup truck was involved in a frontal or offset frontal accident and 1) the driver air bag failed to deploy resulting in injury to a driver; and 2) the driver seat belt failed to restrain the driver resulting in personal injuries. The lawsuit list will reflect lawsuits filed in the United States and will contain the name of the plaintiff, court, court location, and docket number. FCA US does not agree that the accidents disclosed or alleged mechanisms of failure are substantially similar to the accident at issue in this case or that the other vehicles are substantially similar to the 2012 Ram 1500 (DS) Quad Cab pickup truck, VIN 1C6RD7FP5CS290440, for purposes of this cases.
>
> **RESPONSE TO REQUESTS NO. 6:** See FCA US's response and objections to Interrogatory No. 7.
>
> **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:** FCA US incorporates by reference its original response and objections to Interrogatory No. 7, above. Plaintiff is referred to the summarized list of all claims received or lawsuits served prior to November 1, 2016 in which it is alleged that a 2012 Ram 1500 (DS) Quad Cab pickup truck was involved in a frontal or offset frontal accident and 1) the driver air bag failed to deploy resulting in injury to a driver; and 2) the driver seat belt failed to retrain the driver resulting in personal injuries, that FCA US previously produced, in image (.pdf) format, under the protective order, as FCA_MUNOZ.004481-004497.
>
> **SUPPLEMENTAL RESPONSE TO REQUESTS NO. 6:** See FCA US' supplemental response and objections to Interrogatory No. 7.

Doc. 143 at 4-5.

Plaintiff asserts that he has "recently learned that there have been several lawsuits filed which allege the same basic defect which has been asserted in this case" but that Defendant has

failed to provide discovery related to these lawsuits. Doc. 141 at 3. To illustrate this point, he cites and attaches the complaint in *Altier v. ZF-TRW Automotive Holdings Corp*, No. 8:19-cv-846 (C.D. Cal. May 6, 2019). Doc. 141-1. *Altier* is a class action lawsuit that is not responsive to the information requested in Interrogatory No. 7. The class action alleges that the defendants in that lawsuit (one of whom is FCA US LLC) knew of an airbag malfunction and continued manufacturing trucks with the malfunctioning parts. *See generally* Doc. 141-1. The class action is not a lawsuit that involves a "report of any airbag or seatbelt malfunction reportedly occurring during a crash." None of the class representatives allege they were in a crash. In essence, Plaintiff's motion argues that he is entitled to discovery which he did not request in Interrogatory No. 7 and Request for Production No. 6.

Plaintiff also alleges that he is aware that "at least seven similar lawsuits have been filed since the time the Defendant responded to Plaintiff's interrogatories and requests for production." Doc. 141 at 3. While he lists the names of the plaintiffs, he does not give any detail as to these other lawsuits. Without some specific reason to think Defendant's interrogatory answer was insufficient, the Court has no basis to compel Defendant to more fully answer. For these reasons, the Court denies Plaintiff's Motion to Compel.

Lastly, both sides request that the Court award them their costs associated with bringing the motion or responding to the motion. Rule 37(a)(5)(B) requires that if the court denies a motion to compel, it must order the movant, the attorney filing the motion, or both, after giving them an opportunity to be heard, to pay the party opposing the motion its reasonable expenses incurred in opposing the motion. Fed. R. Civ. P. 37(a)(5)(B). The court "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* Because the Court denies Plaintiff's motion, it denies Plaintiff's request for

costs. Given the mandatory language of Rule 37(a)(5)(B) and the fact that the Court has denied Plaintiff's motion in full, Defendant may file an affidavit setting forth the reasonable expenses it maintains it incurred opposing Plaintiff's motion.

**IT IS THEREFORE ORDERED THAT:**

1.　Plaintiff's Motion to Compel Defendant to Fully and Completely Respond to Plaintiff's First Set of Interrogatories and Requests for Production, Doc. 141, is DENIED.

2.　Defendant FCA US LLC has 14 days from the date of this Order to file an affidavit outlining the expenses it incurred in responding to the Motion to Compel. Within 14 days after Defendant files its affidavit, Plaintiff may file any objections he has to the relief Defendant requests.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**