# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**ROY MUNOZ,**

    **Plaintiff,**

    **vs.**                                                           Civ. No. 17-881 WJ/SCY

**FCA US LLC,**

    **Defendant.**

## ORDER STAYING RULING ON EXPENSES

**THIS MATTER** comes before the me on Defendant's Notice of Filing of Affidavit of Amy Bice Larson. Doc. 151. On November 7, 2019, I issued an order denying Plaintiff's Motion to Compel. Doc. 148. In that Order, I granted Defendant's request for reasonable expenses incurred in opposing Plaintiff's motion under Fed. R. Civ. P. 37(a)(5)(B). Doc. 148 at 3-4. I allowed Defendant 14 days from the date of the Order to file an affidavit outlining the expenses it incurred in responding to the Motion to Compel. Doc. 148 at 4. Defendant filed such an affidavit on November 21, 2019. Doc. 151. I allowed Plaintiff 14 days after Defendant filed its affidavit to file any objections to the relief requested. Doc. 148 at 4. On December 5, 2019, Plaintiff filed his objections to Defendant's affidavit of attorney fees. Doc. 155. Thus, the amount of Defendant's claimed attorneys' fees that are reasonable is an issue currently pending before me.

Currently pending before Chief District Court Judge William P. Johnson are Plaintiff's Objections to Magistrate Judge's Order of November 11, 2019 (Document No. 148) Denying Plaintiff's Motion to Compel (Document No. 141). Doc. 150. Plaintiff is seeking review of this non-dispositive order under Fed. R. Civ. P. 72(a). Part of Plaintiff's objections include an

objection to my award of expenses. Specifically, Plaintiff argues that Rule 37(a)(5)(B) "provides that the Plaintiff should have been provided the opportunity to appear at a hearing before any sanctions were awarded." Doc. 150 at 11. Rule 37(a)(5)(B) mandates that if a motion to compel is denied, the court "must, *after giving an opportunity to be heard*, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion." Fed. R. Civ. P. 37(a)(5)(B) (emphasis added). I note that when Plaintiff filed his Reply to Defendant's Response, in which Defendant explicitly requested costs and attorneys' fees under Rule 37 (Doc. 143 at 9), he had the opportunity to be heard on the issue of whether he should have to pay these costs and fees. Further, now that Defendant has filed an affidavit specifically setting forth the expenses it seeks, Plaintiff will be provided the opportunity to be heard on the issue of whether those expenses are reasonable.

The Tenth Circuit has not defined "opportunity to be heard," but the District of Kansas has concluded that for an "opportunity to be heard," "[a]n actual hearing is not necessary . . . , and the Court may consider the issue of expenses on 'written submissions.'" *Cardenas v. Dorel Juvenile Grp., Inc.*, 231 F.R.D. 616. 622 (D. Kan. 2005). "The 'written submission' requirement is met where the moving party requests expenses in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response." *Id.*; *see also N.M. Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, No. 12-CV-526 MV/GBW, 2017 WL 4271330, at *2 n.1 (D.N.M. Sept. 25, 2017). In this case, in its response to Plaintiff's Motion to Compel, Defendant asked for "costs and attorney fees incurred in opposing" the motion. Doc. 143 at 9. Even though Plaintiff did not respond to Defendant's request, he had an opportunity to do so in his reply. *See McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan.

2000) ("Here, Plaintiff specifically requested their expenses in their Motion to Compel. Denny's responded to the Motion, but chose not to address the sanctions issue. The Court therefore finds that Denny's has had sufficient 'opportunity to be heard' within the meaning of Fed. R. Civ. P. 37.").

Nonetheless, it is possible that Chief Judge Johnson will rule in Plaintiff's favor and, if he does, the issue before me (what amount of attorneys' fees are reasonable) will become moot. Therefore, in the interest of judicial economy, I will defer deciding what attorneys' fees are reasonable until after Chief Judge Johnson resolves Plaintiff's Objections to Magistrate Judge's Order of November 11, 2019 (Document No. 148) Denying Plaintiff's Motion to Compel (Document No. 141). Doc. 150.

**IT IS SO ORDERED.**

**STEVEN C. YARBROUGH**
**United States Magistrate Judge**