# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROY MUNOZ,

    Plaintiff,

vs.                                                         Civ. No. 17-881 WJ/SCY

FCA US LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING APPEAL
## FROM MAGISTRATE JUDGE'S DISCOVERY ORDER

THIS MATTER comes before the Court upon Plaintiff's Objections to Magistrate Judge's Order of November 11, 2019 (Doc. 148) Denying Plaintiff's Motion to Compel (Doc. 141), filed November 19, 2019 (**Doc. 150**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiff's objections are without merit. Accordingly, they are overruled.

## BACKGROUND

Plaintiff brought this products liability lawsuit after he was involved in a motor vehicle accident. He alleges that on November 1, 2016, he was driving a forest service vehicle, a 2012 Dodge Ram 1500, when he hit two elk; the airbag did not deploy and he was injured. Doc. 43 ¶¶ 5, 6, 7 (Third Amended Complaint).

In this motion, Plaintiff appeals a discovery order ("Order") denying his motion to compel responses to Interrogatory No. 7 and Request for Production No. 6. These requests sought information on lawsuits alleging the same basic defect which is asserted in this case, namely reports "of any airbag or seatbelt malfunction *reportedly occurring during a crash.*" Doc. 148 at 2 (citing to Plaintiff's Interrog. No. 7, emphasis in original). Defendant searched its product

liability records and eventually provided a "summarized list of claims received or lawsuits served" alleging similar defects and including the plaintiff's name, court, court location and docket number, but Plaintiff insisted that Defendant had failed to provide discovery on other similar lawsuits.

United States Magistrate Judge Steven C. Yarbrough found that Plaintiff was not entitled to discovery which he did not request in Interrogatory No. 7 and Request For Production No. 6. Because Plaintiff did not provide any details on any of these other "similar lawsuits," Judge Yarbrough concluded that he had "no basis to compel Defendant to more fully answer" and denied Plaintiff's motion to compel. He also granted Defendant's request for expenses incurred in responding to the motion.

Plaintiff seeks review of Judge Yarbrough's non-dispositive order under Fed.R.Civ.P. 72(a).[1]

## DISCUSSION

Pursuant to Fed. Rule of Civil Procedure 72(a) and 28 U.S.C. §636(b)(1)(A), a district court has authority to modify or set aside a magistrate judge's order on non-dispositive matters found to be "clearly erroneous or contrary to law." *See, Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988). The clearly erroneous standard requires that the reviewing court affirm unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542 (1948); *Harrington v. City of Albuquerque*, No. Civ. 01-0531-LH/WDSA, 2004 WL 1149494, at *1 (D.N.M. May 11,

---

[1] Defendant has filed an affidavit setting forth the expenses it seeks and Plaintiff filed objections. Docs. 151 & 155. Judge Yarbrough deferred a ruling entered an Order Staying Ruling on Expenses pending a ruling on this appeal. Doc. 156.

2004) (The Court "owes no deference to the magistrate's legal conclusions and it may substitute its own judgment on questions of law).

**I.  Discovery Ruling**

Plaintiff reargues that Defendant did not fully respond to discovery requests about similar lawsuits involving airbag or seatbelt malfunction "reportedly occurring during a crash" and contends that he is entitled to this information—yet he provides no more information than he did to Judge Yarbrough in his motion to compel.  He claims that Judge Yarbrough's Order is clearly erroneous and contrary to law and recounts the history of Defendant's two-year long "obstructionist tactics" in responding to discovery requests, Doc. 150 at 4-6.

The Court's review on this appeal is limited to the Magistrate Judge's rulings regarding Interrogatory No. 7 and Request for Production No. 6. Whether Defendant has in fact obstructed discovery over the past two years is not in front of this Court; Plaintiff is free to present a proper motion to the Magistrate Judge on that subject in the future, if he so desires. The Court finds that the reasons given by Judge Yarbrough for denying Plaintiff's motion to compel are legally sound. Plaintiff specifically sought information about lawsuits involving airbag or seatbelt malfunctions "reportedly occurring during a crash" and Defendant is not obliged to produce information about lawsuits that do not fall into that category.  Therefore, the Court concludes that the Magistrate Judge's discovery rulings are neither clearly erroneous nor contrary to law, and Plaintiff's objections are OVERRULED.

**II.  Sanctions**

Plaintiff contends that because the sanctions imposed by the Magistrate Judge are criminal contempt sanctions, he should have been afforded a hearing before any sanctions were awarded.

3

This reasoning is faulty because (1) the award of costs was civil in nature; and (2) Plaintiff was in fact awarded all the process he was due under Rule 37.

A. Sanctions Are Civil in Nature, Not Criminal

Judge Yarbrough awarded sanctions that were clearly designed only to compensate Defendant for the cost of having to respond to Plaintiff's motion:

> Because the Court denies Plaintiff's motion, it denies Plaintiff's request for costs. Given the mandatory language of Rule 37(a)(5)(B) and the fact that the Court has denied Plaintiff's motion in full, Defendant may file an affidavit **setting forth the reasonable expenses it maintains it incurred opposing Plaintiff's motion.**

Doc. 148 at 3-4 (emphasis added).

Civil contempt orders serve either or both of two purposes: (1) to compel or coerce obedience of a court order; and (2) to compensate parties for losses resulting from non-compliance with a court order." *In re Skinner*, 917 F.2d 444, 447, n.2 (10th Cir. 1990) (citations omitted). None of the cases cited by Plaintiff holds that sanctions under Rule 37(a)(5)(B) are criminal in nature. For example, in *Law v. Nat'l Collegiate Athletic Ass'n*, one of the cases cited by Plaintiff, the United States Supreme Court found that a twenty five percent surcharge imposed *in addition to costs* incurred by coaches in connection with association's failure to permit discovery was non-compensatory and therefore criminal in nature. 134 F.3d 1438 (10th Cir. 1998) (emphasis added) ("[a]bsent contempt, the only monetary sanctions Rule 37 authorizes are 'reasonable expenses' resulting from the failure to comply with discovery").[2] Unlike the Rule 37 sanctions award in *Nat'l Collegiate Athletic Ass'n* that included a 25% surcharge, the sanctions award here is confined to reimbursing Defendant for "reasonable costs" incurred in opposing Plaintiff's motion to

---

[2] The other two cases Plaintiff relies on do not even mention Rule 37. Doc. 150 at 11-12.

compel—nothing more and nothing less. Thus, the award of costs is civil in nature and Plaintiff's objection to that award is OVERRULED.

B. Due Process Objections: Hearing Was Not Required

Plaintiff argues that he is entitled to appear at a hearing before any sanctions are awarded. Rule 37 provides that a court:

> . . . must, **after giving an opportunity to be heard**, require the movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.

Rule 37(a)(5)(B) (emphasis added). The rule does not mandate a hearing. In fact, the Advisory Committee Notes for that section of the rule state that the wording was changed from "after opportunity for hearing" to "after affording an opportunity to be heard" in order to "make it clear that the court can consider such questions on written submissions as well as on oral hearing."[3] Adv. Comm. Note to 1993 Amendment. Plaintiff's due process objections may be OVERRULED on that basis alone.

In addition, while the Tenth Circuit has not defined "opportunity to be heard," lower courts have made it clear that the "opportunity to be heard" requirement in Rule 37(a)(5)(B) is satisfied with written submissions. *See Brackens v. Shield*, No. CIVA 06-2405 JWJDJW, 2007 WL 2122428, at *1 (D. Kan. July 20, 2007) ("The "written submission" requirement is met if the moving party requests sanctions in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response."); *N.M. Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs*., No. 12-CV-526 MV/GBW, 2017 WL 4271330, at *2 n.1 (D.N.M. Sept. 25, 2017) (citing *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 697 (D.Kan. 2000)

---

[3] The Advisory Committee Note to the 1993 Amendment uses "after *affording* an opportunity to be heard" but the current Rule uses "after *giving* an opportunity to be heard." Either version clarifies that an actual hearing is not required.

("'opportunity to be heard" requirement' is met where . . . the opposing party seeks sanctions in its briefing and the sanctioned party has an opportunity to respond thereafter").[4]

Both sides requested that the Court award them their costs and expenses associated with bringing the motion or responding to the motion. Plaintiff filed a reply (Doc. 145) but did not respond in any way to Defendant's request for costs. Under Rule 37, a court *"must"* impose cost sanctions unless the motion "was substantially justified or other circumstances make an award of expenses unjust." Rule 37(a)(b)(B) (emphasis added). Plaintiff's reply did not even mention costs or expenses, much less present any argument as to why they should not be imposed. Thus, Plaintiff had "an opportunity to be heard"; his attorney just chose not to use it. *See McCoo v. Denny's Inc.*, 192 F.R.D. at 697 (where defendant responded to motion seeking sanctions but "chose not to address the sanctions issue," he had "sufficient 'opportunity to be heard' within the meaning of Fed. R. Civ. P. 37.").

Accordingly, Plaintiff was afforded all the due process to which he was entitled, and his objections regarding denial of a hearing are OVERRULED as well.

## CONCLUSION

In sum, the Court finds and concludes that Plaintiff's objections are OVERRULED:

(1) The Magistrate Judge's discovery rulings are legally correct and sound;

(2) The award of Rule 37 sanctions are civil, not criminal, in nature; and

(3) Plaintiff had an "opportunity to be heard" under Rule 37(a)(5)(B) when his attorney filed a written reply. The fact that Plaintiff's attorney chose not to present reasons to the Magistrate Judge why sanctions were not justified did not negate Plaintiff's "opportunity to be heard."

---

[4] *See also Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 322, 324 (D. Ariz. 2018) (opportunity to respond in reply brief constituted an opportunity to respond); see also Paladin Assocs., Inc. v. Montana Power Co., 328 F.3d 1145, 1164 (9th Cir. 2003) (an opportunity to be heard orally is not necessary when a party has an opportunity to respond in writing; *Hudson v. Moore Bus. Forms, Inc*., 898 F.2d 684, 686 (9th Cir. 1990) (same).

This Court therefore finds that the Magistrate Judge's rulings are not clearly erroneous or contrary to law and Plaintiff's appeal from the discovery order is denied for the reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE