IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| ROY MUNOZ, | § | |
|    Plaintiff, | § | |
| | § | Case No.: 1:17-cv-00881-WJ-SCY |
| vs. | § | |
| | § | |
| FCA US LLC (FIAT CHRYSLER | § | |
| AUTOMOBILES US LLC, f/d/b/a | § | |
| CHRYSLER/DODGE) and JOHN DOE | § | |
| CORPORATIONS, | § | JURY |
|    Defendants. | § | |

### FCA US LLC'S MOTION TO STRIKE AND/OR DISREGARD AFFIDAVIT OF ROY MUNOZ

Defendant FCA US LLC (**"FCA US"**) files this motion requesting the Court to strike and/or disregard the portions of Plaintiff Roy Munoz's affidavit (Doc. 208-1) that directly contradict his prior sworn deposition testimony or are otherwise inadmissible. The affidavit at issue was filed in support of Plaintiff's Response to FCA US's Amended Motion for Full and Final Summary Judgment (Doc. 208). Pursuant to D.N.M.LR.-Civ. 7.1, FCA US conferred with Plaintiff's counsel regarding the nature of this motion and to determine his position on it. This motion is opposed. In support of its motion, FCA US states as follows:

### I.  RELEVANT BACKGROUND AND INTRODUCTION

Plaintiff's deposition in this product-liability lawsuit was taken 15 months ago on June 27, 2019. *See* Doc. 200-5 at p. 1. After the deposition, Plaintiff did not make any changes to his testimony, as permitted under Federal Rule of Civil Procedure 30(e).

On July 21, 2020, FCA US filed its amended Motion for Full and Final Summary Judgment, attaching and referencing (as Exhibit E) relevant portions of Plaintiff's deposition. *See* Doc. 200. On August 28, 2020, Plaintiff filed his Response and attached his affidavit thereto as

Exhibit 1.  *See* Doc. 208-1.  Plaintiff's affidavit challenges FCA US's Undisputed Fact No. 12, which states that "Plaintiff testified he does not know how he suffered any injuries in the crash sequence."  *See id*. at p. 3.

The testimony offered in Paragraphs 3, 5 and 6 of Plaintiff's affidavit is inconsistent with his prior sworn deposition testimony.  Additionally, the identified portions of his affidavit do not comply with Fed. R. Civ. P. 56 or Fed. R. Evid. 602.  FCA US therefore asks the Court to strike those portions of the summary judgment record identified herein in which Plaintiff has submitted contradictory evidence in the form of a sham affidavit and/or submitted evidence that is otherwise inadmissible under the federal rules.

## II.   ARGUMENT AND AUTHORITY

### A.   APPLICABLE LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 56(c)(2), a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Further, under Fed. R. Civ. P. 56(c)(4), affidavits supporting or opposing motions for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  *See also* Fed. R. Evid. 602.

The Tenth Circuit has held that a Court may disregard a contrary affidavit when it "constitutes an attempt to create a sham fact issue." *Burns v. Bd. of County Comm'rs*, 330 F.3d 1275, 1282 (10th Cir. 2003) (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986).  For evidence "[t]o be regarded as a sham, an affidavit must contradict prior sworn statements." *Holley v. Evangelical Lutheran Good Samaritan Soc'y*, No. CV 12-00320 KBM/WDS, 2013 WL

12152411, at *2 (D.N.M. Feb. 12, 2013) (citing *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 956, n.3 (10th Cir. 2012)). Three factors must be considered in determining whether an affidavit presents a sham factual issue: "whether (1) the affiant was cross-examined during [her] earlier testimony; (2) the affiant had access to the pertinent evidence at the time of [her] earlier testimony or whether the affidavit was based on newly discovered evidence; and (3) the earlier testimony reflects confusion which the affidavit attempts to explain." *Famiglietta v. K-Bear, LLC*, No. CIV 12-824 LFG/ACT, 2013 WL 12329915, at *3 (D.N.M. July 23, 2013) (brackets in original) (citing *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 973 (10th Cir. 2001)). This Court has struck or otherwise disregarded portions of summary judgment evidence from the record when the testimony offered therein is inconsistent with prior sworn deposition testimony. *See Holley*, 2012 WL 12152411; *Famiglietta*, 2013 WL 12329915; *Rice v. City of Santa Fe*, No. CV 00-1669 WJ/DJS-ACE, 2002 WL 35649997 (D.N.M. May 31, 2002).

    **B.**    <u>**CONTRADICTORY TESTIMONY**</u>

Some of Plaintiff's statements in his summary judgment affidavit contradict his prior sworn testimony and should be stricken. When Plaintiff testified at deposition, he affirmatively denied any personal knowledge of whether any parts of his body struck any parts of the subject vehicle as a result of the collision:

> **Q:** Okay. I want to talk with you about the movement of your body during the collision with the elk. Okay? And I know this happened quickly, but do you know whether any parts of your body struck any part of the vehicle?
> **A:** **No, sir.**
> **Q:** Okay. Is there anything else about the accident that you can recall that I haven't asked you about or that we haven't discussed today that you think is important about the matter?
> **A:** **No.**

*See* Doc. 200-5 at 261:21-9.  More than one year later, Plaintiff now tries to change his prior testimony through his summary judgment affidavit.

In his affidavit, Plaintiff asserts he knows "from the bruises, pain, and broken bones I had after the accident, that my knee, shoulder, arm, and face struck hard surfaces inside the vehicle," and based on prior experience driving the subject vehicle, "the only hard surface my face could have struck was the steering wheel" while the vehicle's seat belt was "across [his] waist."  Doc. 208-1 at ¶¶ 3-6.   Not only do these statements contradict Plaintiff's prior testimony given at deposition, they directly conflict with his averment in Paragraph 2 of his affidavit, wherein he states—in accordance with his deposition testimony—that he does not "remember exactly what parts of my body struck which parts of the Forest Service vehicle I was driving" as a result of the subject collision.  Doc. 208-1 at ¶ 2.

Regarding the first factor in the applicable test, Plaintiff was represented by counsel at his deposition and was cross-examined, and Plaintiff's own counsel also asked direct-examination questions.[1]  With regard to the second factor, Plaintiff has not identified any newly-discovered evidence supporting his material change in testimony regarding causation, nor provided any substantive reason for such a change.  As to the third factor, there is no confusion as to Plaintiff's deposition testimony that requires further clarification.  Plaintiff then, as now, admits he does not know whether any parts of his body struck the subject vehicle as a result of the collision. Moreover, Plaintiff had the opportunity to review and sign his deposition transcript, and offered no corrections, changes, or additions to his transcribed testimony. *See* Fed. R. Civ. P. 30(e);

---

[1] Plaintiff's counsel's examination consisted of four questions, none of which touched on the topic of causation.

**Exhibit A** (blank errata sheet).  As such, Plaintiff's affidavit offers contradictory testimony in a transparent attempt to manufacture a sham factual issue for summary judgment.  Thus, Paragraphs 3, 5 and 6 of his affidavit should be struck for this reason alone. *See, e.g., Armeanu v. Bridgestone/Firestone N. Am. Tire, L.L.C*, No. CIV-05-619 JB/DJS, 2006 WL 4060666, at *4 (D.N.M. Sept. 26, 2006) (Browning, J.) ("Although the Court has carefully reviewed all of the evidence that the Plaintiffs presented, and has attempted, whenever possible, to harmonize Johnson's deposition and affidavit testimony, to the extent that Johnson's affidavit is an attempt to repair earlier flawed deposition testimony, the Court will disregard the affidavit statements" when considering whether summary judgment should be entered).

    **C.**    <u>INADMISSIBLE TESTIMONY</u>

Additionally, the above-identified portions of Plaintiff's summary judgment affidavit should be stricken as speculative.  Federal Rule of Civil Procedure 56 mandates that "an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated," and that a "party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2)&(4); *see also Hall v. Bellmon*, 935 F. 2d 1106, 1111 (10th Cir. 1991) (instructing that "nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient.").

Here, the conclusory testimony presented in Paragraphs 3, 5, and 6 of Plaintiff's affidavit regarding the cause of his injuries is nothing more than speculation and conjecture.  As set forth above, Plaintiff admits in both his prior sworn testimony and his affidavit that he has no personal

knowledge of whether any part of his body made contact with the steering wheel as a result of the collision. Thus, Paragraphs 3, 5 and 6 of Plaintiff's summary judgment affidavit should be stricken pursuant to Fed. R. Civ. P. 56(c)(2) & (4) and Fed. R. Evid. 602. *See, e.g., Pricer v. Env't Dep't*, No. CV 98-1310 JP/RLP, 1999 WL 35808181, at *2 (D.N.M. Dec. 14, 1999) ("Because Madson's affidavit is based on speculation rather than personal knowledge, it fails to comply with Rule 56(e) and NMED's challenge to it will be sustained."); *Hobbs v. Bd. of Cty. Commissioners Cty. of Grant*, No. CV 05-237 MCA/RLP, 2006 WL 8444331, at *3 (D.N.M. Apr. 21, 2006) ("This affidavit is replete with inadmissible speculation . . . and will not be considered.").

### III.   CONCLUSION

For the reasons set forth above, FCA US requests the Court to grant its Motion to Strike and/or Disregard Summary Judgment Evidence, issue an order excluding the portions of the summary judgment record identified herein, and for any further relief to which it may be justly entitled, whether in law or in equity.

Respectfully submitted,

**GERMER BEAMAN & BROWN PLLC**

By:   */s/ Roy A. Spezia*
Roy A. Spezia, *Pro Hac Vice*

One Barton Skyway
1501 S. Mopac Expy., Suite A400
Austin, Texas  78746
Telephone: (512) 472-0288
Fax: (512) 472-0721
rspezia@germer-austin.com

and

Matthew A. Zidovsky
Randy S. Bartell
MONTGOMERY & ANDREWS, P.A.
325 Paseo de Peralta
Santa Fe, New Mexico 87501
Phone: (505) 982-3873
Fax: (505) 982-4289
mzidovsky@montand.com
rbartell@montand.com
**COUNSEL FOR DEFENDANT**
**FCA US LLC**

## **CERTIFICATE OF CONFERENCE**

As required by Local Rule 7.1(a), I certify that I conferred with Plaintiff's counsel about his position on motion but did not receive a response and therefore presume the motion is opposed.

                                                       _/s/ Roy A. Spezia_
                                                       Roy A. Spezia

## **CERTIFICATE OF SERVICE**

I certify that on this 25th day of September, 2020, I filed the foregoing document with the Clerk of Court using CM/ECF system, which will send notification of such filing to the following counsel of record:

James P. Lyle
Law Office of James P. Lyle, P.C.
1116 Second Street, N.W.
Albuquerque, NM 87102
Telephone: (505) 843-8000
Fax: (505) 843-8043
pennname@prodigy.net
**ATTORNEY FOR PLAINTIFF**

                                                       _/s/ Roy A. Spezia_
                                                       Roy A. Spezia