# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

ROY MUNOZ,

    Plaintiff,

    vs.                                              Civ. No. 17-881 WJ/SCY

FCA US LLC (FIAT CHRYSLER
AUTOMOBILES US LLC, f/d/b/a
CHRYSLER/DODGE) and JOHN DOE
CORPORATIONS,
Defendants.

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO STRIKE AND/OR DISREGARD
## AFFIDAVIT OF ROY MUNOZ

THIS MATTER comes before the Court upon a Motion to Strike and/or Disregard Affidavit of Roy Munoz, filed by FCA US, LLC ("FCA" or "Defendant") on September 25, 2020 **(Doc. 221)**. Having reviewed the parties' briefing and the applicable law, the Court finds that Defendant's motion is well taken and, therefore, is granted.

## BACKGROUND

This is a product liability case arising from the alleged failure of an airbag to deploy during a car accident while Plaintiff was working as an employee of the United States Forest Service. Plaintiff alleges that on November 1, 2016, he was driving a forest service vehicle, a 2012 Dodge Ram 1500, when he hit two elk. The airbag did not deploy, and he was injured. Plaintiff claims that he has suffered serious personal injuries, lost his job, has incurred permanent disfigurement and will incur future medical and medically related expenses. The initial

complaint was filed on August 25, 2017 (Doc. 1) and Plaintiff filed a Third Amended Complaint on November 21, 2018 (Doc. 43).

Plaintiff's deposition was taken 15 months ago on June 27, 2019. After the deposition, Plaintiff did not make any changes to his testimony, as permitted under Federal Rule of Civil Procedure 30(e). On July 21, 2020 (over a year later), Defendant filed its amended Motion for Full and Final Summary Judgment, attaching and referencing relevant portions of that deposition. Doc. 200-5. On August 28, 2020, Plaintiff filed his response to Defendant's summary judgment motion attaching an affidavit to his response. Doc. 208-1. Defendant claims that Plaintiff's affidavit challenges Defendant's Undisputed Fact No. 12 which states that "Plaintiff testified he does not know how he suffered any injuries in the crash sequence." Doc. 200 at 3. As a result, Defendant seeks to exclude certain portions of the affidavit.

## DISCUSSION

### I. Relevant Law

Pursuant to Fed. R. Civ. P. 56(c)(2), a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Further, under Fed. R. Civ. P. 56(c)(4), affidavits supporting or opposing motions for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *See also* Fed. R. Evid. 602.

Under Tenth Circuit precedent, a court may disregard a contrary affidavit when it "constitutes an attempt to create a sham fact issue." *Burns v. Bd. of County Comm'rs*, 330 F.3d 1275 (10th Cir. 2003) (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986)). Any attempt by a plaintiff to change his deposition testimony by submission of an inconsistent

affidavit should be rejected. In *Cleveland v. Policy Mgmt. Sys. Corp.*, the United States Supreme Court held that a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (for example, by filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity). 526 U.S. 795, 806-807 (1999) (citing cases from various circuit holding the same).

Plaintiff claims that in *Franks v. Nimmo,* the Tenth Circuit "held that an affidavit may not be disregarded because it conflicts with prior testimony from the affiant." Doc. 231 at 2. Defendant correctly notes that Plaintiff misrepresents *Franks'* actual holding. In that case, Dr. Franks sued his employer for unlawful termination, claiming that he was improperly treated as a probationary employee. He initially stated in his deposition that "no one" told him he would get the rights of a tenured civil servant and that "it was an assumption" on his part that he would be considered tenured. However, after the court ruled that he was a probationary employee, plaintiff sought a reconsideration of that ruling and attached an affidavit to this motion in which he declared that on or about the date of his conversion to permanent employment, defendants "all represented to me that I was a permanent employee and would not have to comply with any probationary provisions." *Id.* The Tenth Circuit affirmed the district court's conclusion that the conflict between plaintiff's prior deposition testimony and his affidavit raised "only a sham issue." 796 F.2d at 1237.

## II.     Relevant Statements from Plaintiff's Deposition and Affidavit

The following is the relevant portion from Plaintiff's deposition:

Q.  . . . I want to talk with you about the movement of your body during the collision with the elk. Okay? And I know this happened quickly, but do you know whether any parts of your body struck any part of the vehicle?

**A. No, sir.**

Q. Okay. So you don't know whether your body contacted the dash panel or anything like that?

**A. No, sir.**

Q. Okay. Is there anything else about the accident that you can recall that I haven't asked you about or that we haven't discussed today that you think is important about the matter?

**A. No.**

Doc. 200-5 at 261:21-262:9. The critical question here is whether Plaintiff's later affidavit statements sufficiently contradict his deposition testimony to create a sham issue of fact. Plaintiff's affidavit includes the following relevant statements, from ¶¶2 to 6 of the affidavit:

2. I don't remember exactly what parts of my body struck which parts of the inside of the Forest Service vehicle I was driving when I hit the elk on November 1, 2016.

3. I do know, from the bruises, pain and broken bones I had after the accident, that my knee, shoulder, arm and face struck hard surfaces inside the vehicle.

4. I do know that at the time of the accident my seatbelt was on and the lower part was across my waist.

5. Based on the many times I drove this vehicle I know that the only hard surface my face could have struck was the steering wheel.

6. I also know from experience that the steering wheel was the only hard surface my face could reach inside the truck with the belt across my waist because sometimes when I bent over slowly, the part of the belt that went across my shoulder would let me bend from the waist up, but the lower part would keep me from sliding sideways or moving forward, except to bend to where my face could hit the steering wheel.

Doc. 208-1, ¶¶2-6.

### III. Analysis

Defendant moves to strike ¶¶3, 5 and 6 because (1) they contradict Plaintiff's deposition testimony where Plaintiff stated that he doesn't remember exactly what parts of his body hit which parts of the vehicle; and because (2) they are speculative and conclusory.

Plaintiff offers two arguments against exclusion of ¶¶3, 5 and 6, but none of them are persuasive.

First, Plaintiff blames any subsequent "inconsistency" between the deposition and affidavit statements on defense counsel for asking the wrong questions. Plaintiff contends that it was incumbent on defense counsel to elicit from Plaintiff at the deposition what his "beliefs" might have been on the subject of where parts of his body may have hit the inside of the car. The Court here agrees with Defendant that only Plaintiff's personal knowledge—not his personal beliefs—are admissible evidence and so counsel for Defendant is not obliged to inquire about information that would not be admissible. *See, e.g., Malek v. Martin Marietta Corp.*, 859 F.Supp. 458,460 (D.Kan. 1994) ("[i]t is the plaintiff's personal knowledge, and not his beliefs . . . or speculation, that are admissible at trial and the proper subject of any affidavit").

Second, Plaintiff contends that he can still offer lay opinion testimony under Fed.R.Evid. 701 regarding the cause of his alleged injuries—that is, that his face allegedly hit the steering wheel—even though he initially testified that he had no memory or knowledge of what cause the injuries. Plaintiff relies on *Florence v. Valencia Cty. Det. Ctr.,* 2006 WL 8444074 at *3 (D.N.M. July 24, 2006) for the proposition that a witness without firsthand knowledge of what caused an injury may still give an opinion on causation based on the aftermath and type of injuries. This would indeed apply to Plaintiff as well—if he were a medical expert. *Florence* addressed the question of whether the testimony of a medical doctor should be stricken, *not* whether a plaintiff could offer lay testimony under Rule 701 and so that case is completely irrelevant.

Plaintiff also claims in his response that this Court stated in a previous decision which limited the testimony of Plaintiff's two treating physicians that "a party may self report about what caused the complained of injury or problem." The Court did make this statement, but

- 5 -

Plaintiff's counsel conveniently omits the rest of the Court's language in that footnote, which the Court offers here in its entirely with the omitted language highlighted in bold:

> A patient may self-report about what caused the complained-of injury or problem, **but allowing self-reports to determine causation testimony would eliminate the need for a medical expert in almost every case.**

Doc. 205 at n. 5 (emphasis added). More to the point, though, is that Plaintiff did not self-report about what caused the complained of injury but to the contrary, testified under oath that he did not know specifically how his alleged injuries were caused.

It has not escaped the Court's attention (as it has not escaped the attention of defense counsel, either) that Plaintiff's efforts are directed toward substituting Plaintiff's own testimony for that of a causation expert, which Plaintiff has apparently failed to do. Defendant provides a handy chronology of Plaintiff's failed attempts thus far to obtain and present expert testimony regarding causation, and the Court includes here a short and limited synopsis for illustration:

- Plaintiff designated only one retained expert, Jahan Rasty, in his initial expert designations but Rasty did not offer any causation opinion. *See* Doc. 117-1 at 6.[1]

- In May and June of 2020, Plaintiff deposed Dr. Tart and Dr. Lanzi and attempted to elicit testimony regarding the cause of Plaintiff's injuries. Defendant filed a motion seeking to exclude impermissible expert testimony and opinion by Dr. Candyce Tart and Dr. Richard Lanzi. *See* Doc. 185. The Court sustained Defendant's objections to such testimony, holding that any "testimony regarding the motor vehicle accident as the cause of Plaintiff's injuries and conditions is improper as treating physician testimony." Doc. 205 at 8 & 10.

- Three weeks after the Court excluded causation testimony from his treating physicians, Plaintiff executed his affidavit in which he states that he now "knows" that his face hit the steering wheel during the accident. Doc. 208-1, ¶¶5, 6.

Returning to the central issue—whether this Court should strike or disregard ¶¶3, 5 and 6 of Plaintiff's affidavit—the Court must ask whether those statements create a sham fact issue in

---

[1] Defendant also contends shortly after the Court's decision excluding causation testimony of Drs. Tart and Lanzi, Jahan Rasty signed an affidavit containing a previously-undisclosed opinion regarding causation. The parties' dispute over Rasty's testimony is one of the issues to be resolved in Defendant's pending summary judgment motion. *See* Doc. 200.

an attempt to withstand summary judgment. The Court finds that they do, and will therefore be stricken and as a result, disregarded, for several reasons.

First, Plaintiff unequivocally and plainly stated in his deposition that he did not know what part of his body hit what part of the vehicle. Subsequent statements in his affidavit that (a) he now "knows" that his knee, shoulder, arm and face struck hard surfaces inside the vehicle; and (b) he now "knows" that the only hard surface he "could have struck" was the steering wheel while wearing a seat belt and when bending over, directly contradicts that initial statement. Plaintiff contends that his affidavit statements merely *expand* on his prior deposition statements, but the Court disagrees: they attempt to rehabilitee and change his deposition testimony substantively.

Second, the Court agrees with Defendant that Plaintiff's affidavit statements are based on opinion and speculation and not personal knowledge. Plaintiff's "knowledge" comes from (in Plaintiff's own words): past experience driving and bending over while in the vehicle and while wearing a seat belt, and from observing the bruises on his body. Plaintiff was careful to preface each statement with "I know" or "I also know" but the formulaic recitation of those phrases does not alter the nature of his statements. This is not personal knowledge at all with regard to how his specifically alleged injuries were caused in that collision. It is deduction or personal belief, and "personal belief" statements are inappropriate in an affidavit and are subject to being stricken. *See, e.g. Starkey v. Miller*, No. CIV.A. 06-CV-00659LT, 2007 WL 4522702, at *8 (D. Colo. Dec. 17, 2007) ("statements in an affidavit prefaced by the phrases 'I believe' or 'upon information and belief' or those made upon an 'understanding,' are also properly subject to a motion to strike" and striking statement as one of speculation and belief), *aff'd*, 569 F.3d 1244 (10th Cir. 2009); *Thomas Well Serv., Inc. v. Williams Nat. Gas Co.*, 873 F. Supp. 474, 480–81

(D. Kan. 1994) ("To the extent that an affidavit is based upon the affiant's . . . beliefs . . . or speculation, the court is compelled to enforce Rule 56(e) and disregard those portions of the affidavits filed by the plaintiffs which fail to satisfy the requirements Rule 56(e) "), *aff'd*, 64 F.3d 670 (10th Cir. 1995).

Third, the affidavit itself is internally inconsistent and contradictory. In ¶2 of the affidavit, Plaintiff states—consistently with his deposition testimony—that he does not "remember exactly what parts of my body struck which parts of the Forest Service vehicle I was driving" as a result of the collision. Thus, ¶¶3, 5 and 6 are directly at odds with ¶2 wherein he claims that he does *not* remember or know how and where his body parts struck the inside of the vehicle.

Accordingly, the Court concludes that ¶¶3, 5 and 6 of Plaintiff's affidavit directly contradict Plaintiff's prior deposition statements. The conflict between Plaintiff's deposition testimony and his affidavit attempts to create a sham factual issue, namely, that Plaintiff "knows" which parts of his body hit which parts of the inside of the vehicle he was driving during the collision. The Court will therefore STRIKE and DISREGARD these paragraphs pursuant to Fed. R. Civ. P. 56(c)(2) & (4) and Fed. R. Evid. 602.[2]

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Strike and/or Disregard Affidavit of Roy Munoz (**Doc. 221**) is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

---

[2] Defendant objects to Plaintiff's submission of an exhibit which is a screen shot from a video recording of a vehicle "fixed-barrier" crash test. Doc. 321-1 or Pltff's Ex. A. Plaintiff submitted the photo to show what happens "when a seatbelt and airbag do not stop a driver's body from striking the steering wheel in a severe front end impact." Doc. 230 at 4. The Court did not consider this exhibit in its analysis. Aside from being of questionable significance from a causation standpoint, the exhibit was not previously disclosed to Defendant.

- 9 -

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE