IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROY MUNOZ,

      Plaintiff,

   v.                                            No. 1:17-cv-00881-WJ-SCY

FCA US LLC (FIAT CHRYSLER AUTOMOBILES
US LLC, f/d/b/a CHRYSLER/DODGE) and
JOHN DOE CORPORATIONS,

      Defendants.

## MEMORANDUM OPINION AND ORDER AFFIRMING CLERK'S ORDER SETTLING COSTS

**THIS MATTER** is before the Court on Plaintiff Roy Munoz's Objections to the Clerk's Order Settling Costs. Having reviewed de novo the Clerk's Order and Plaintiff's Objections, the Court **OVERRULES** Plaintiff's Objections (**Doc. 271**) and **AFFIRMS** the Clerk's Order taxing costs against Plaintiff and in favor of Defendant FCA US LLC in the amount of $4,239.51.

## BACKGROUND

In the Order Settling Costs, the Clerk calculated total taxable costs against Plaintiff Munoz as $4,239.51. **Doc. 270.** The Clerk taxed the following costs: $3,641.57 for the deposition transcripts of R. Munoz, L. Fodale, C. Tart, J. Benson, and R. Lanzi[1]; $155.54 for private service of a deposition subpoena to J. Benson; and $442.40 for the transcript of a 911 call audio recording. Plaintiff objects to the Clerk's Order, arguing that neither private service of a subpoena nor a transcript of a 911 call qualify as a taxable cost under Local Civil Rule 54.2 of the United States

---

[1] Although Plaintiff argued against deposition costs in his Response in Opposition to Defendant's Motion for Entry of Bill of Costs (**Doc. 260**), Plaintiff's Objections to the Clerk's Order do not challenge the taxing of $3,641.57 in deposition costs against Plaintiff. Thus, the Court deems any challenges to the deposition costs waived.

District Court of the District of New Mexico ("Local Rule"). Plaintiff also requests the Court sanction Defendant for initially requesting over $20,000 in costs. The Court does not find Defendant engaged in sanctionable conduct. Plaintiffs' objections are overruled, and the Clerk's assessment of costs is affirmed.

**DISCUSSION**

Under Federal Rule of Civil Procedure 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party." To receive a costs award, the prevailing party must file a motion to tax costs within thirty days of entry of judgment. D.N.M.LR-Civ. 54.1. The Clerk initially settles taxable costs; however, the Court may review the Clerk's assessment of costs upon a party's motion objecting to the Clerk's order. Fed. R. Civ. P. 54(d)(1). The Court reviews de novo the Clerk's determination of costs. *Furr v. AT&T Techs.*, 824 F.2d 1537, 1550 n.11 (10th Cir. 1987).

Taxable costs may be recovered by the prevailing party under statute, *see* 28 U.S.C. § 1920, and under the Local Rules, *see* D.N.M.LR-Civ. 54. Per statute, a district court may award a prevailing party taxable costs for the following:

> **(1)** Fees of the clerk and marshal;
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> **(5)** Docket fees under section 1923 of this title;
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. And the Local Rules specify the following categories of taxable costs: "Transcripts," "Deposition Costs," "Witness Costs," "Interpreter and Translator Fees," "Copies of Papers," and "Maps, Charts, Models, Photographs, Summaries, Computations and Statistical

2

Summaries." D.N.M.LR-Civ. 54.2(a)-(f). This Court has previously held that "when the local rules and § 1920 are not in accord with regard to costs, the local rule does not limit the Court's statutory authority under § 1920." *Baca v. Berry*, No. 13CV0076 WJ/WPL, 2014 WL 12650989, at *2 n.2 (D.N.M. May 28, 2014); *accord Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 791 F. Supp. 2d 1014, 1019 (D.N.M. 2011).

Whether a court may tax a particular cost often hinges on whether the Court finds materials were "necessarily obtained for use in the case" for the purpose of statutory costs or were "reasonably necessary to the litigation" under the Local Rules. The "most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998) (citation omitted). That said, the Tenth Circuit has made clear that district courts can award costs even if materials or services "are ultimately not used to dispose of the matter." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir.2009). Costs are not recoverable by the prevailing party if the materials at issue were "solely for discovery" or "merely added to the convenience of counsel or the district court." *Id.* at 1147-48 (citation and internal quotation marks omitted).

"A prevailing party bears the burden of establishing the costs to which it is entitled, and the amount 'must be reasonable.'" *Cohlmia v. St. John Med. Ctr.*, 693 F.3d 1269, 1288 (10th Cir. 2012) (citation omitted). However, once the prevailing party has met its burden, the "burden shifts to the non-prevailing party to overcome the presumption that these costs will be taxed." *In re Williams*, 558 F.3d at 1148 (citation and internal quotation marks omitted).

**I.      Service of subpoena on J. Benson is taxable cost.**

The Clerk taxed $155.54 against Plaintiff for service of a deposition subpoena on J. Benson by a private process server. The Clerk justified this cost under 28 U.S.C. §§ 1920(1) and

3

1921(a)(1)(B). Under Section 1920(1), the Court may tax costs for "[f]ees of the clerk and marshal." Section 1921(a)(1)(B) sets out that "United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for . . . [s]erving a subpoena . . . for a witness or appraiser." While neither statutory provision specifically allows for the taxing of the cost of a private process server, the Clerk's order in this case correctly explains, "Since the U.S. Marshal no longer serves most summonses or subpoenas, courts have construed [Section] 1920(1) to allow fees for private process servers for witnesses deemed reasonably necessary to the litigation." **Doc. 270** at 2. Plaintiff faults the Clerk for failing to cite caselaw to support this conclusion and argues that Defendant did not incur any clerk or marshal fees. Plaintiff is mistaken, and the Clerk properly taxed the private service of the subpoena.

Although the Tenth Circuit has yet to weigh in on the issue, District Courts in New Mexico routinely permit prevailing parties to recover the cost of private process servers under Section 1920(1). *See, e.g.*, *Mendoza v. Amador*, No. 219CV01171KWR-GJF, 2020 WL 5801508, at *6 (D.N.M. Sept. 29, 2020); *MTGLQ Invs., LP v. Wellington*, No. CV 17-487 KG/LF, 2020 WL 5943660, at *4 (D.N.M. Oct. 7, 2020); *Clower v. GEICO Ins.*, No. CV 1:12-472-PMD-KBM, 2013 WL 12095665, at *5 (D.N.M. Aug. 29, 2013). Senior United States District Judge Vázquez has articulated the reasoning behind taxing this cost:

> Courts in this district have found that while the language of § 1920(1) only allows for a marshal's service fees, the reality of modern practice is that most service is done by private process servers. In an effort to balance these competing sources of authority, courts have allowed private service of process fees to be taxed but are limited to the amount that a marshal would have charged for performing the same task.

*Carleton v. Wal-Mart Stores, Inc.*, No. CIV 99-965 MV/DJS, 2001 WL 37125271, at *3 (D.N.M. Feb. 6, 2001). The District of New Mexico's interpretation of Section 1920(1) is also in keeping with that of the Sixth, Seventh, Ninth, and Eleventh Circuits. *See, e.g.*, *Arrambide v. Wal-Mart*

4

*Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002) ("[A] district court may tax costs for private process server fees to the extent that these private process server fees do not exceed the United States Marshal's fees."); *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996) ("[W]e think it best to resolve the ambiguity of § 1920 in favor of permitting the prevailing party to recover service costs that do not exceed the marshal's fees, no matter who actually effected service."); *Adgate v. Robinson Ford Sales, Inc.*, 208 F.3d 220 (9th Cir. 2000) ("This circuit allows the court to tax private process service fees to the losing party."); *United States E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) ("We hold that private process server fees may be taxed pursuant to §§ 1920(1) and 1921."). Accordingly, the Court finds the Clerk properly taxed the cost of serving a deposition subpoena on J. Benson via private process server in the amount of $155.54.[2]

## II.   Transcript of 911 call is taxable cost.

The Clerk also allowed $442.40 to be taxed against Plaintiff for the transcription of the audio recording of a 911 call under Local Rule 54.2(a). As Plaintiff correctly points out, the 911 call transcript does not fall within the scope of this local rule—Local Rule 54.2(a) provides that "[t]he cost of an original transcript of a court proceeding is taxable when requested by a party and authorized by the Court before transcription." A 911 call is not a court proceeding nor did Defendant request or receive Court authorization before transcription.

Nevertheless, the 911 call transcript is taxable under 28 U.S.C. § 1920(2).[3] Section 1920(2) allows the Court to tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." The 911 call transcript is an electronically recorded transcript; thus, the only question is whether the transcript was "necessarily obtained for use in the case." Both

---

[2] Plaintiff does not challenge the cost of the private process server on the basis that it exceeds the amount charged by the U.S. Marshal; thus, the Court need not address this issue.

[3] It is unclear why the Clerk taxed the cost of the 911 transcript under the Local Rules when Defendant argued for this cost under 28 U.S.C. § 1920(2). *See* **Doc. 256** at 8.

parties cited the 911 call in their Summary Judgment briefing, *see* **Doc. 208** at 7 (Plaintiff's Response); **Doc. 223** at 15, 18 (Defendant's Reply), which the Court finds to be direct evidence that the transcript was necessarily obtained by Defendant for use in the case, *see Callicrate*, 139 F.3d at 1340 ("[The] most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court."). Thus, although the Clerk's Order mistakenly justified taxing the cost of the 911 transcript under the Local Rules, the Court can nevertheless affirm the taxing of this cost under Section 1920(2).

**III.   Defendant has not engaged in sanctionable conduct.**

Finally, the Court is wholly unpersuaded by Plaintiff's request for sanctions based on Defendant's initial request of over $20,000 in taxable costs. Nothing in the record supports Plaintiff's contention that Defendant sought costs they "knew were completely unjustified and unsupported under any rational reading of the applicable law." **Doc. 271**. Plaintiff's request for sanctions is **DENIED**.

## CONCLUSION

The Court **OVERRULES** Plaintiff's objections (**Doc. 271**) to the taxation of the cost of serving a subpoena on J. Benson ($155.54) and the cost of the transcription of the 911 call ($442.40), and the Court **AFFIRMS** the taxing of $4,239.51 in costs against Plaintiff and in favor of Defendant FCA US LLC.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE